**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| **TEXTRON, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 05-1188T**<br><br>**Judge Marian Blank Horn**<br><br>**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** |

## PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the United States Court of Federal Claims, Plaintiff Textron, Inc. ("Plaintiff") respectfully moves this Court for a protective order to protect the confidentiality of contractual and billing documents (and the rates and terms contained therein) that will be disclosed to defendant United States of America ("Defendant") in the course of this litigation to ensure that all such material produced to Defendant is used solely within this action. Plaintiff respectfully submits that good cause exists for preserving the confidentiality of these documents and merely seeks to limit not the use, but the dissemination of its confidential documents and the information contained therein.

This motion is based on the following facts and circumstances and upon the annexed Declaration of John H. Bracken in Support of Plaintiff's Motion for a Protective Order. Plaintiff also submits herewith a representative invoice and a proposed protective order.

## I. BACKGROUND

The Internal Revenue Code imposes a three percent communications excise tax on certain communications services, pursuant to 26 U.S.C. Section 4251. Plaintiff paid this tax on its

various telephone services. This action for a tax refund arises from Plaintiff's assertion that certain of its telephone services were not subject to the communications excise tax because the tax does not apply to services for which there is a toll charge that varies with the elapsed transmission time but not the distance of a communication. Therefore, Plaintiff asserts that it is owed a refund for excise taxes paid on those services that did not meet the criteria set forth in 26 U.S.C. Section 4251. On May 25, 2006, the Department of Treasury and the Internal Revenue Service ("IRS") issued Notice 2006-50, providing that the IRS conceded liability with respect to the communications excise tax collected for time-only services, such as Plaintiff's services. (2006-25 I.R.B. (May 25, 2006)). Immediately thereafter, Defendant filed a Status Report and Notice of Change of Position (Docket No. 20).

In order to establish the amount of the federal communications excise tax refund due to Plaintiff, Plaintiff must provide Defendant with its telecommunications contracts. Plaintiff must also provide Defendant with its telecommunications services invoices, for the purpose of validating that the tax was collected and remitted by Plaintiff.

Plaintiff sought to enter into a protective order with Defendant concerning the maintenance of the confidentiality of its telecommunications documents. Plaintiff conferred in good faith, with the goal of resolving any issues relating to the protection of confidential information without court action. Plaintiff readily agreed that any and all documents would be available to IRS personnel assisting Defendant with payment verification and refund calculation. Plaintiff also agreed to a form of protective order that was much less comprehensive than the protective orders that have been agreed to by Government attorneys in other cases where the identical issues were raised. While Defendant's counsel agreed to maintain the confidentiality of Plaintiff's telecommunications contracts, agreements and related documents, which are

confidential and proprietary to Plaintiff and its various telecommunications carriers, Defendant has objected to designating Plaintiff's telecommunications invoices as "confidential". As set forth below, as with its telecommunications contracts, these invoices disclose business information that is confidential and proprietary to Plaintiff. In essence, these invoices can be used as a back door through which contractual information is revealed, the very same contractual information Defendant has agreed should be protected.

## II. DISCUSSION

It is well settled in Federal courts that in order to obtain a protective order, a party must demonstrate good cause for invoking the court's protection and bears the burden of showing that it would be harmed by the disclosure of the information it seeks to protect. In addition, the party must demonstrate that upon a balancing of interests, the burden or injury it would suffer outweighs the probative value of disclosure. *See* Fed. R. Civ. P. 26(c)(7); *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984); *In re Eli Lilly & Co., Prozac Prod. Liab. Litig.*, 142 F.R.D. 454 (S.D. Ind. 1992); *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985); *Dow Chemical Co. v. Allen*, 672 F.2d 1262 (7th Cir. 1982). The relevant facts and circumstances of this case demonstrate good cause and evidence that the injury plaintiff would suffer far outweighs the interests of disclosure.

The requested protective order is necessary to preserve the confidentiality of documents relating to Plaintiff's telecommunications services. The information disclosed in Plaintiff's contracts and invoices is confidential and proprietary and has great value to Plaintiff and its telecommunications carriers (Declaration of John H. Bracken ("Bracken Dec.") ¶ 3). The confidential information, would, if made public, harm Plaintiff's competitive standing by disclosing the rates, terms and conditions of its telecommunications services. (Bracken Dec. ¶ 4).

These rates, terms and conditions are heavily and individually negotiated with each telecommunications carrier. (Bracken Dec. ¶ 3). These contracts and invoices are essentially confidential communications between the client and the service provider. The disclosure of these documents would reveal the identity of Plaintiff's telecommunications carriers, as well as the rates charged for each type of service by the individual carriers. (Bracken Dec. ¶ 4). In addition, Plaintiff would be placed at a competitive disadvantage because information about its client base and the frequency of its communications with its client base would be revealed to Plaintiff's competitors. (Bracken Dec. ¶ 4). As the Supreme Court has indicated, courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). *See also Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D. Pa. 1994) (court ordered production of documents containing confidential business information subject to issuance of protective order.) Without a protective order, the release of Plaintiff's confidential information would harm its standing among its competitors. Disclosure would also harm Plaintiff's ability to negotiate the rates charged by the individual carriers. In sum, disclosure would harm both Plaintiff and its various telecommunications carriers. On this basis alone, Plaintiff shows good cause for a protective order.

Moreover, there is no interest of an opposing party or public to balance against the injury to Plaintiff were its contracts and invoices disclosed outside of this litigation. Plaintiff's interest in confidentiality in this case is not outweighed by any real or potential harm to Defendant or the public. This information is of no importance to the public. Furthermore, there is no corresponding burden on Defendant nor any public interest that would be offended. The protective order will merely limit the dissemination of the documents and will have absolutely no

effect on the Government (or the IRS') ability to review the documents and issue a refund. Weighing Plaintiff's strong interest in protecting its confidential information against the nonexistent interests of Defendant and the public in disclosure strongly recommends allowing the entry of a protective order. A protective order would insure that the discovery process would move forward efficiently and expeditiously without compromising the interests of Plaintiff and its telecommunications vendors.

The relevant facts and circumstances of this case argue for the entry of a protective order. As the Supreme Court has noted, courts have "broad discretion ...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co.,* 476 U.S. at 36. Plaintiff moves this Court to extend a protective order to its confidential documents. Doing so would protect the interests of Plaintiff, its telecommunications carriers and those that rely on its services.

## III. CONCLUSION

For the foregoing reasons, Plaintiff submits that good cause exists for the entry of a protective order and respectfully requests that the Court so order.

Dated: June 29, 2006

**KELLEY DRYE & WARREN LLP**

**By: /s/ Paul L. Kattas**
Paul L. Kattas, Esq.
200 Kimball Drive
Parsippany, New Jersey 07054

**Attorneys for Plaintiff**
**Textron Inc.**