**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | |
|---|---|
| **TEXTRON, INC.**<br><br>**Plaintiff,**<br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 05-1188T**<br><br>**Judge Marian Blank Horn**<br><br>**PROTECTIVE ORDER** |

## PROTECTIVE ORDER

Plaintiff's Motion for a Protective Order is **GRANTED**. It is, therefore, **ORDERED** that:

to the extent that documents, materials and information subject to discovery in this case contain trade secrets, proprietary and/or other confidential and sensitive commercial, financial, or business information, including the tariffs, rates, terms and conditions of the telecommunications services and invoices (collectively, "Confidential Information") provided to plaintiff Textron, Inc. ("Plaintiff") by its telecommunications services providers, these documents, materials and information shall not be disclosed to any parties outside of the present action or used for any purpose other than for the resolution of this action.

1. As used in this Protective Order, the word "documents" means all written, recorded, electronic or graphic material whatsoever.

2. As used in the Protective Order, the term "Confidential Information" shall include:

(a) the tariffs, rates, terms and conditions of the telecommunications services provided to Plaintiff by its telecommunications providers;

(b) the contracts, amendments and agreements between the Plaintiff and its telecommunications providers and the contents thereof; and

(c) any and all billing invoices and the contents thereof provided to Plaintiff by its telecommunications providers.

3. All documents produced for inspection and/or copying which the party believes to contain Confidential Information, shall be marked "Confidential" and numbered at or before the time the copies are produced.

4. Confidential Information shall be used solely for the prosecution or defense of this case, shall not be published to the public in any form by the opposing party or counsel, nor used by the opposing party for any business or commercial purposes, and shall be disclosed only to the following persons ("Qualified Persons"):

(a) Counsel for the parties and essential persons employed in the offices of such counsel assisting in the prosecution or defense of this case;

(b) Outside experts or professional advisers retained by the parties to assist in the prosecution or defense of this case and persons regularly employed in the offices of such experts or advisers assisting counsel in the prosecution or defense of this case;

(c) Those officers or employees of the parties selected by counsel whose assistance is reasonably required in connection with the prosecution or defense of this case;

(d) Court reporters and stenographers engaged to record deposition testimony and their employees; and

(e) Such other persons as hereafter may be authorized by the Court upon motion of either party.

5. Prior to the disclosure of Confidential Information to Qualified Persons identified in paragraph 4(a) – (e), a copy of this Protective Order shall have been delivered to each such person and each person shall have agreed to be bound by the terms of this Protective Order.

6. The provisions of this Protective Order shall not be construed as preventing:

(a.) any disclosure of Confidential Information by the party that designated the information as such; and

(b.) any disclosure of Confidential Information to any judge, magistrate, or employee of the Court for the purposes of this action.

7. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party providing the Confidential Information consents in writing to such disclosure, or if the Court, after notice to the affected party, orders such disclosure.

8. The restrictions on the use and disclosure of Confidential Information contained herein shall not apply to Confidential Information if the party receiving the Confidential Information can show the information:

(a.) Was available to the public at the time of receipt of the Confidential Information; or

(b.) Became available to the public through no fault of the receiving party subsequent to the receipt of the Confidential Information or was disclosed to the receiving party without any obligation of confidentiality by someone not a party to this action who was in lawful possession of such information.

However, no portion containing specific or detailed information shall be deemed exempt from the restrictions on use and disclosure merely because it is embraced by more general information that is readily available to the public or that is in or under the possession of the receiving party, except to the extent the more general information precisely discloses the specific information disclosed to the receiving party.

9. The Protective Order shall not:

(a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

(b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery;

(c) prejudice in any way the right of a party to seek a Court determination:

(i) whether particular discovery material should be produced; or

(ii) if produced, whether such material should be subject to the terms of this Protective Order; or

(d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any Confidential Information.

10. Within 30 days after the expiration of the time for either party to this action to appeal from any final order or judgment terminating said action, the party that has received documents containing Confidential Information (including deposition transcripts) may, at its option, destroy those documents and certify that they have been destroyed, or return such Confidential Information to the party that produced the confidential material.

**IT IS SO ORDERED.**

**Dated:**

______________________________

**Honorable Marian Blank Horn**