**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| **TEXTRON, INC.**<br><br>**Plaintiff,**<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 05-1188T**<br><br>**Judge Marian Blank Horn**<br>**Motion**<br><br>**AFFIDAVIT OF JOHN H. BRACKEN IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** |

I, John H. Bracken, in my capacity as Assistant Secretary of Textron Inc., hereby state and declare as follows:

1. I serve as Assistant Secretary for plaintiff, Textron Inc. ("Plaintiff" or "Textron"). I make this affidavit in support of Plaintiff's Motion for a Protective Order in the above-captioned case.

2. I have knowledge of the telecommunications services that Textron purchased from its various telecommunications service providers during the tax quarters ending June 30, 2001 through March 31, 2004. I also have knowledge of Textron's contracts with these various telecommunications service providers and the invoices that Textron's received from them. (Attached hereto as Exhibit A is a representative copy of an invoice from one of Textron's telecommunications service providers.)

3. The rates, terms and conditions of Textron's telecommunications services, as set forth in the contracts with its telecommunications providers, are heavily and individually negotiated and thus are confidential and proprietary to Plaintiff and its telecommunications carriers.

4. The contracts, along with the invoices that Plaintiff receives from its telecommunication carriers, reveal the following proprietary information: the identity of Textron's carriers; the rate charged for each type of service by the various carriers; the volume of

the various services Textron uses; when the various services are used; and identifying information regarding to whom calls are made.

5. It is imperative that the dissemination of the confidential and proprietary information in the contracts and in the invoices remain limited and be protected in order to maintain the integrity of Textron's relationships with its telecommunications carriers and its client base.

6. The wide dissemination of this information would put Textron at a competitive disadvantage, and perhaps put Textron or one of its business units in breach of contracts with their customers.

I, John H. Bracken, declare under penalty of perjury under the laws of the United States, that to the best of my knowledge and belief, the foregoing is true and correct.

Executed this 29th day of June, 2006

JOHN H. BRACKEN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| STATE OF RHODE ISLAND AND | ) | SS: Providence |
| PROVIDENCE PLANTATIONS | ) | |
| | ) | |
| COUNTY OF PROVIDENCE | ) | |

On the 29th day of June, 2006, before me personally appeared John H. Bracken, to me known, and known by me to be the individual who executed the attached "Affidavit of John H. Bracken in Support of Plaintiff's Motion for a Protective Order" on behalf of Textron Inc. in his capacity as Assistant Secretary.

SEAL

Ann T. Willaman

Name: Ann T. Willaman
NOTARY PUBLIC

My Commission expires July 11, 2009.